JOHN J. MENTGES *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY.

A man cannot recover damages for injuries occasioned to his property by the negligence of another, when he has himself been guilty of an act of negligence that contributed to the accident.

The horse of the plaintiff escaped from his stable at night, and fell into a cut in the public highway through which the railroad track of the defendants passed.

*Held*, that it was the duty of the plaintiff so to secure his horse that he could not stray into the public streets, and that, if he escaped and any accident occurred to him in consequence thereof, the plaintiff must suffer the consequences.

Whether the defendants would otherwise have been rendered liable, by reason of their failure to put a fence along the line of the cut through which their road passes, *quære.*(a)

APPEAL by defendants from a judgment of the Seventh Dis-

---

(a) See *Corwin* v. *N. Y. & Erie R. R. Co.*, 3 Kernan, 42 ; also *Duffy* v. *N. Y. & Harlem R. R. Co.*, Com. Pleas. General Term, July, 1859.

trict Court. This action was brought to recover damages for the loss of the plaintiff's horse. The facts out of which the action arose are sufficiently stated in the opinion of the court.

*Odle Close,* for the appellants.

*William Wordsworth,* for the respondent.

INGRAHAM, FIRST JUDGE.—This action was to recover from the defendants for a horse, killed by falling from the Fourth avenue to the low ground on which the railway is laid in the cut through the centre of the avenue.

The only evidence, as to the cause of the loss of the horse, is, that he was tied in the stable at night, and in the morning was found lying on the railroad track, where he was killed.

The case appears to have been tried on the supposition that the horse had broken away from the stable and wandered to the place where he fell. The evidence shows the horse was blind of one eye, and could see a little out of the other.

Without examining the questions arising as to the admission of evidence, it appears to me that the plaintiff cannot recover in this action, for the reason that, by suffering his horse to wander. in the public streets, he was guilty of an act of negligence that contributed to the accident, and that the general rule, that a plaintiff in such a case must be free from negligence before he can recover for the negligence of the defendants, prevents his recovery.

The case of *Munger v. The Tonawanda R. R. Co.* (4 Coms. 349) contains a full examination of this question of negligence. In that case, it was held that where cattle strayed from the enclosure in which they were placed, and went on the track of a railway, where they were killed, the owner could not recover. The judge says, "The defendants would not have injured the plaintiff, if his oxen had not strayed on the track of the railway; and as they were there without right, in respect to them the law did not enjoin it as a duty on the defendants to take care not to injure them. The want of such care was not, in judgment of

law, a fault to be attributed to the defendants; but if it could be so considered, the plaintiff, having been also in fault, by which he contributed to produce the injury, is not entitled to recover." The principle established in this case is conclusive in defendants' favor, unless the fact of this accident having occurred in a public street alters the rule. Upon this question, the judge in that case says, in relation to such an accident occurring in a public street, " If it appeared that the plaintiff's negligence in any way conduced to bring about the injury complained of, he could not recover, whatever might have been the negligence of the defendants." See, also, the opinion of C. J. Beardsley, in same case, in 5 Denio, 255, where this rule is more fully stated.

The court below appears to have rested its decision upon the negligence of the defendants, in not placing a fence at the cut in the avenue, to prevent animals falling down. This might be sufficient to charge them, if the injury had happened to an animal used on the avenue for the purpose of travel, but it does not relieve the difficulty of the plaintiff's negligence in suffering his horse to wander at night in the streets. But for that negligence, the injury would not have been sustained. It is no answer to this to say that the horse broke loose from his fastenings, and the plaintiff did not know it. It was the plaintiff's duty to see that his horse was so secured that he could not stray into the public streets. If the horse did so escape, it was at the plaintiff's risk, and he must bear the consequences of it.

I deem it unnecessary to pass upon the question whether the defendants were bound to erect a fence at this place, because, even if they were, it would not create a liability for an injury to the plaintiff's horse, which could not have happened if the plaintiff had been free from negligence in taking care of him.

The same questions raised in this case have been before this court on a previous occasion, in *Halleran* v. *The New York & Harlem R. R. Co.* (2 E. D. Smith's R. 257), and the same views were then expressed by Judge Woodruff. See, also, *Marsh* v. *The New York & Erie R. R. Co.*, 14 Barb. 364.

The judgment must be reversed.